United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GIORGI NADIRADZE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04978 |
| | § | |
| WARDEN MONTGOMERY PROCESSING | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Giorgio Nadiradze's *pro se* Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.    BACKGROUND

Petitioner Giorgio Nadiradze is a citizen of Georgia who entered the United States without inspection on September 10, 2022. ECF No. 1 at ¶ 8; ECF No. 5 at 2. He was encountered by U.S. border patrol agents the same day and taken into custody. ECF No. 5, Ex. 1 (Notice to Appear). Petitioner applied for asylum and was subsequently paroled into the United States and released from custody under an Order of Release on Recognizance (ORR). *Id*.

In the more than three years since his release, Petitioner has complied with the conditions of his release. He has resided continuously in Brooklyn, New York. ECF No. 1 at ¶ 10. On

1 / 4

February 27, 2024, Petitioner was granted work authorization. *Id*. at ¶ 9; Notice to Appear at 4. He possesses a valid commercial driver's license and is self-employed. ECF No. 1 at ¶¶ 11-12. Petitioner has no criminal history. *Id*. at ¶ 14; ECF No. 5 at 2.

On June 17, 2026, Petitioner was operating his commercial vehicle in Texas and was stopped for a routine traffic stop. ECF No. 1 at ¶ 15. Upon learning of Petitioner's immigration status, the officers contacted Immigration and Customs Enforcement (ICE), and Petitioner was taken into ICE custody. *Id*.  He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

On June 17, 2026, the Department of Homeland Security provided Petitioner with a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). ECF No. 5, Ex. 1. The NTA charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." *Id*. His removal proceedings are ongoing.

## I.    ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address his additional claims.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) or similar release order without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al*., --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-*

2 / 4

*Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at \*3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at \* 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at \*2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at \* 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at \*2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at \*3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify him of the time and place of release **no less than three hours** prior. Respondents must allow Petitioner an opportunity to contact a friend or family member prior to his release if requested.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 2, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 30, 2026.

Keith P. Ellison
United States District Judge